**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PETIMAT DUDURKAEWA, individually, and on behalf of all others similarly situated, | )<br>)<br>)  Hon. David L. Russell<br>)<br>)<br>)  Case No. 23-cv-817-R |
| Plaintiff, | )<br>)  Class Action |
| v. | )<br>) |
| MIDFIRST BANK, | )<br>) |
| Defendant. | )<br>) |
| | ) |
| CHRIS RUBENSTEIN and SCOTT LINMAN, on behalf of his minor child, L.L., and on behalf of all others similarly situated, | )<br>)<br>)  Hon. Patrick R. Wyrick<br>)<br>)<br>) |
| | )  Case No. 23-cv-954-PRW [consolidated<br>)  with No. 23-cv-955-PRW] |
| Plaintiffs, | )<br>)  Class Action |
| v. | )<br>) |
| MIDLAND FINANCIAL CO., | )<br>) |
| Defendant. | )<br>) |
| | ) |

**PARTIES' AGREED MOTION FOR
CONSOLIDATION AND ENTRY OF PROPOSED BRIEFING SCHEDULE**

Plaintiffs Petimat Dudurkaewa, Chris Rubenstein and Scott Linman (collectively,

"Plaintiffs"), on the one hand, and Defendants MidFirst Bank ("MidFirst") and Midland

Financial Co. ("Midland"), on the other hand (collectively, the "Parties"), by and through

undersigned counsel, move this Court for an order consolidating the above-captioned

related cases (the "Related Cases") pursuant to Federal Rule of Civil Procedure 42(a),

under the docket for the first-filed Related Case, *Dudurkaewa v. MidFirst Bank*, No. 23-

cv-817-R (the "Motion for Consolidation").  In the event this Motion is granted, the Parties

further request the Court to enter a briefing schedule that provides as follows:  (i) Plaintiffs

have thirty (30) days to file a consolidated amended complaint following the Court's entry

of its order granting the Motion for Consolidation, (ii) MidFirst and Midland have thirty

(30) days thereafter to answer or otherwise respond to Plaintiffs' consolidated amended

complaint, (iii) if MidFirst and Midland respond with a motion, Plaintiffs would then have

thirty (30) days to file an opposition to that motion, and (iv) MidFirst and Midland have

fourteen (14) days thereafter to file a reply.

### CONSOLIDATION

On September 14, 2023, the instant case, *Dudurkaewa v. MidFirst Bank* (No. 23-

cv-817-R), was filed in this Court.  On September 15, 2023, the two additional above-

captioned, related putative class actions were filed in Oklahoma District Court, Oklahoma

County, Oklahoma, against Midland, MidFirst's holding company, styled and numbered

as: *Rubenstein v. Midland Financial Co.* (No. CJ-2023-5328) and *Linman v. Midland*

*Financial Co.* (No. CJ-2023-5345).  On October 19, 2023, Midland timely removed those

two related cases to federal court in this District.[1]

---

[1] Midland Financial Co. is the holding company of MidFirst Bank, and both are represented by the same counsel in the Related Cases.

On November 2, 2023, Midland, in agreement with counsel for Plaintiffs Rubenstein and Linman, filed a motion to consolidate the *Rubenstein* and *Linman* matters ("Motion") in Judge Wyrick's court, who is presiding over the *Rubenstein* action. Rubenstein Dkt. No. 10. On November 9, 2023, Judge Wyrick granted the Motion consolidating the *Linman* and *Rubenstein* actions finding that the "Related Cases arise from the same alleged data breach. . . . and assert substantially similar causes of action," which provided good cause to consolidate those actions. Rubenstein Dkt. No. 12. Subsequently, counsel for MidFirst and Midland conferred with counsel in the *Linman* and *Rubenstein* actions as well as the separate counsel in the first-filed *Dudurkaewa* action to seek further consolidation. All parties agreed that further consolidation would be appropriate and promote efficiency in the Related Cases.

As noted in the respective complaint and petitions filed in the Related Cases, Plaintiffs each allege that MidFirst suffered a data security incident that compromised their personal information. *See* Dudurkaewa Dkt. No. 1 ("Dudurkaewa Compl."); Rubenstein Dkt. No. 1-1 ("Rubenstein Pet."); Linman Dkt. No. 1-1 ("Linman Pet."). Further, Plaintiffs each assert that they have suffered injuries as a result of an alleged failure to safeguard or secure their personal information. Dudurkaewa Compl. at ¶ 1-2; Linman Pet. at ¶ 9-10; Rubenstein Pet. at ¶ 9-10. Plaintiffs further assert substantially similar causes of action, *inter alia*, negligence, breach of implied contract, negligence *per se*, breach of covenant of good faith and fair dealing, unjust enrichment, and injunctive and declaratory relief, and allege that the putative class members suffered harm as a result of alleged failures to properly secure and protect Plaintiffs' and putative class members' personal identifying

information.  *See* Dudurkaewa Compl. at ¶ 100-89 (also asserting breach of fiduciary duty

and breach of confidence causes of action); Linman Pet. at ¶ 111-98; Rubenstein Pet. at ¶

115-95.[2]/[3]

Pursuant to Fed. R. Civ. P. 42(a), when actions "involv[ing] a common question of

law or fact," are pending before the Court, then it may consolidate the actions.  Here,

consolidation is proper as all three putative class action lawsuits stem from the same

alleged data incident, are at identical stages of litigation, seek resolution of substantially

similar questions of law and fact, and all parties agree to consolidation.  *See, e.g.*,

*McPherson v. Am. Bank Sys., Inc.*, No. 20-cv-1307, 2021 WL 932042, at *1 (W.D. Okla.

Mar. 11, 2021) (granting consolidation where "both lawsuits are putative class actions

asserting identical claims . . . arising from the same data breach. . . . No party in the two

matters opposes consolidation; in fact, . . . , all such parties agree that consolidation would

promote efficiency by streamlining the litigation").  Consolidation of the Related Cases

would "avoid duplication of efforts" and "promote[] efficiency."  *Bingaman v. Avem*

*Health Partners, Inc.*, No. 23-cv-130, 2023 WL 2702574, at *1 (W.D. Okla. Mar. 29, 2023)

(consolidating actions arising out of "the same alleged data breach"); *see also Dorrough v.*

---

[2] Plaintiff Rubenstein, a California citizen, also asserts a claim for violation of California statutes.  *See, e.g.*, Rubenstein Pet. at ¶ 218-28 (asserting violation of California Customer Records Act).

[3] MidFirst and Midland dispute all allegations, claims and requested relief contained in Plaintiffs' respective complaint and petitions filed in the Related Cases, and reserve all rights, privileges and defenses in regards to answering or otherwise responding to same, and waive none.

*GEO Grp., Inc.*, No. 14-cv-1389, 2017 WL 31412, at *3 (W.D. Okla. Jan. 3, 2017) (consolidating case with multiple defendants—a corporation and its employees).

The Parties therefore respectfully request that this Court order consolidation of the Related Cases under the docket for the first-filed case *Dudurkaewa v. MidFirst Bank*, No. 23-cv-817-R.[4]

**AGREED BRIEFING SCHEDULE**

If the Court grants the Motion for Consolidation, then the Parties request the Court enter a briefing schedule to allow Plaintiffs to file a consolidated amended complaint and set MidFirst and Midland's deadline to answer or otherwise respond to Plaintiffs' consolidated amended complaint, as well as set the Parties' respective subsequent deadlines if MidFirst and Midland respond with a motion. Currently, MidFirst has until December 1, 2023, to answer or otherwise respond to Plaintiff Dudurkaewa's existing complaint. Dudurkaewa Dkt. No. 8. Plaintiffs in the consolidated *Rubenstein* and *Linman* action have until December 11, 2023, to file their amended consolidated complaint,

---

[4] Transfer and consolidation of the Related Cases before Judge Russell, the District Judge with the lowest numbered case, is consistent with the Western District of Oklahoma's standing order regarding the treatment of related cases. *See In re: Assignment of Cases and Transfer of Related or Companion Cases*, G.O. 11-1, at ¶ E (W.D. Okla. Oct. 11, 2011) ("When related or companion cases are filed, the case may be transferred by the assigned district judge in accordance with sections (F)-(H) to the district judge receiving the lowest case number if the case through the draw did not fall to the district judge with the lowest case number."); *see also, e.g. Misner v. State Farm Fire & Cas. Co.*, No. CIV-14-873-D, 2014 WL 4983488, at *2 n.5 (W.D. Okla. Oct. 6, 2014) (DeGiusti, J.) ("[I]t is the undersigned's practice when consolidating cases to administratively close the higher numbered case and require all filings to be made in the lowest numbered case.").

following which Midland has thirty days to answer or otherwise respond.  *See* Rubenstein

Dkt. No. 12.

The Parties agree that, prior to the Court's entry of the requested order consolidating

the Related Cases, MidFirst and Midland's existing deadlines to respond to the respective

separate complaint and petitions in the Related Cases are to be held in abeyance until after

Plaintiffs file their consolidated amended complaint, at which time MidFirst and Midland's

prior response deadlines in the Related Cases will be vacated and become moot.  Plaintiffs

likewise agree that they will not take the position that MidFirst or Midland failed to timely

answer or respond to the respective separate complaint and petitions filed in the Related

Cases pending the Court's ruling on this Motion for Consolidation.

The Parties have agreed to a proposed briefing schedule as follows:

1.  Upon entry of the Court's order consolidating the Related Cases, Plaintiffs
    shall have thirty (30) days thereafter to file a consolidated amended
    complaint;

2.  Thereafter, MidFirst and Midland shall have thirty (30) days to answer or
    otherwise respond to Plaintiffs' consolidated amended complaint;

3.  If MidFirst and Midland respond with a motion, Plaintiffs shall thereafter
    have thirty (30) days to file an opposition; and

4.  Thereafter, MidFirst and Midland shall have fourteen (14) days to file a
    reply.

The Parties believe the above briefing schedule will ensure an efficient and orderly process for addressing the claims in the Related Cases.  This proposed briefing schedule will not conflict with any existing deadlines.

## CONCLUSION

The Parties respectfully request that the Court grant their agreed Motion for Consolidation and enter the proposed briefing schedule upon consolidation.

Dated:  November 29, 2023

Respectfully submitted,


/s/ *William H. Hoch*
TIMILA S. ROTHER, OBA # 14310
WILLIAM H. HOCH, OBA # 15788
ANTHONY HENDRICKS, OBA # 31083
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-7700
Facsimile:  (405) 239-6651
timila.rother@crowedunlevy.com
will.hoch@crowedunlevy.com
anthony.hendricks@crowedunlevy.com

-And-

**NORTON ROSE FULBRIGHT US LLP**

JASON FAGELMAN (admitted *pro hac vice*)
2200 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone: (214) 855-8120
jason.fagelman@nortonrosefulbright.com

JOSEPH HUGHES (*\*pro hac vice*
application forthcoming)
SEAN M. TOPPING (*\*pro hac vice*
application forthcoming)
1301 Avenue of the Americas
New York, NY  10019
Telephone: (212) 318-3363
joe.hughes@nortonrosefulbright.com
sean.topping@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANTS
MIDFIRST BANK AND MIDLAND
FINANCIAL CO.**

/s/ *William B. Federman*
William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
-and-
212 W. Spring Valley Road
Richardson, TX 75081
Email: WBF@federmanlaw.com

/s/ *Terry Stokes*
Terry Stokes, Esq.
**RUBENSTEIN AND PITTS PLLC**
1503 E. 19th St.
Edmond, OK 73013
Telephone: (405) 340-1900
Email: tstokes@oklawpartners.com

Daniel Srourian, Esq. (*pro hac vice*
forthcoming)
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 474-3800
Email: daniel@slfla.com

**ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I certify that on November 29, 2023, the same date this motion was filed in the United States District Court for the Western District of Oklahoma, a true and correct copy of this motion was served via ECF on all counsel of record appearing in this case.

/s/ *William H. Hoch*

-9-